LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JOSE MENDOZA,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

                              Plaintiff,

              v.

MEDIA MARKETING RESEARCH INC.,
YAZID MOURANI, and
MAGID MOURANI,

                             Defendants.

---

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, JOSE MENDOZA, (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorney, hereby files this Class and Collective Action Complaint against Defendants, MEDIA MARKETING RESEARCH INC., (the "Corporate Defendant") YAZID MOURANI, and MAGID MOURANI (each an "Individual Defendant" or, collectively with the Corporate Defendant, the "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread-of-hours premium, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, JOSE MENDOZA, is a resident of Bronx County, New York.

6. Upon information and belief, Corporate Defendant, MEDIA MARKETING RESEARCH INC., is a domestic business corporation organized under the laws of New York, with a principle place of work and address for service of process located at, 52-01 29th Street, Long Island City, NY 11101.

7. Upon information and belief, Individual Defendant, YAZID MOURANI, is a co-owner and the Chief Executive Officer of Corporate Defendant, MEDIA MARKETING RESEARCH INC.

8. Upon information and belief, Individual Defendant, MAGID MOURANI, is a co-owner and principal officer of Corporate Defendant, MEDIA MARKETING RESEARCH INC.

9. Each of the individual defendants, YAZID MOURANI and MAGID MOURANI exercised control over the terms and conditions of the employment of the Plaintiff, FLSA Collective Plaintiffs and Class members. Each had the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment, of Plaintiff, the FLSA Collective Plaintiffs and the Class members. Each also had the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members. MAGID MOURANI directly hired and fired the Plaintiff.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members their lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants in New York State on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay

3

them the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Specifically, Plaintiff and FLSA Collective Plaintiffs claim that Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay their overtime premium in the lawful amount for hours worked.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay Class members their proper overtime compensation, (ii) failing to pay Class members their proper spread-of-hours compensation, (iii) failing to provide wage statements to Class members that are in compliance with the requirements of the New York Labor Law, and (iv) failing to provide proper wage and hour notice to Class members, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiff in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants provided proper wage statements informing all non-exempt employees information required to be provided on wage statements as required under the New York Labor Law;

e) Whether Defendants provided proper wage and hour notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

f) Whether Defendants properly paid Plaintiff and Class members overtime compensation; and

g) Whether Defendants properly paid Plaintiff and Class members spread-of-hours premium.

## STATEMENT OF FACTS

23. On or about January 2005 Plaintiff, JOSE MENDOZA, was hired by Defendants to work as a warehouse worker for Defendants' magazine distribution warehouse business. Plaintiff worked for Defendants until on or about February 26, 2016.

24. During his employment with Defendants, Plaintiff worked over forty (40) hours per week. Specifically, Plaintiff worked Monday and Thursday from 9:00 a.m. to 6:00 p.m., Tuesday through to the following Wednesday from 6:00 p.m. to 2:00 p.m., and Friday from 9:00 a.m. to 5:00 p.m., for a total of forty-six (46) hours per week.

25. At the start of Plaintiff's employment, he was paid an hourly wage of $8.00 per hour. Starting in January 2014 his pay was raised to $8.75 per hour, and starting in January 2015 his pay was raised to $9.00 per hour. Throughout Plaintiff's employment, he was always paid straight-time, including all hours worked in excess of 40 hours per workweek. FLSA Collective Plaintiffs and Class members were similarly compensated at straight-time hourly rates, without any overtime compensation.

26. During Plaintiff's and Class members' employment with Defendants, they were paid only the prevailing minimum wage and despite routinely working more than ten (10) hours per day, Plaintiff and Class members were not paid the proper spread-of-hours premium.

27. During all relevant periods, Plaintiff and Class members did not receive any wage and hour notice from Defendants, as required under the New York Wage Theft Prevention Act.

28. During all relevant periods, Plaintiff and Class members were paid their wages in cash. Therefore, Defendants failed to provide any wage statements to Plaintiff and Class members, as required under the New York Wage Theft Prevention Act.

29. Plaintiff retained Lee Litigation Group, PLLC to represent him, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

8

30. Plaintiff realleges and reavers Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

32. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

33. Upon information and belief, at all relevant times, the Corporate Defendant had gross revenues in excess of $500,000.

34. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

35. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

36. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

37. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the

statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

38. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

39. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

40. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

41. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

42. Plaintiff realleges and reavers Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

44. Defendants willfully violated rights of Plaintiff and Class members by failing to pay them overtime compensation.

45. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay the spread of hours premium for each workday that exceeded ten (10) hours.

46. Defendants knowingly and willfully operated their business with a policy of not providing wage and hour notices to Plaintiff and Class members, in violation of the New York Labor Law.

47. Defendants knowingly and willfully operated their business with a policy of not providing wage statements to Plaintiff and Class members, in violation of the New York Labor Law.

48. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants for their unpaid overtime, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid spread-of-hours premium due under the New York Labor Law;

e. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

    g.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law;

    h.    An award of statutory penalties, and prejudgment and postjudgment interest;

    i.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    j.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 8, 2016           Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By:    */s/ C.K. Lee*
         C.K. Lee, Esq.